IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANET BEASLEY, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 1:14-cv-01497-GBL-JFA |
| | ) |
| RED ROCK FINANCIAL SERVICES, LLC, | ) |
| *et al.*, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Red Rock Financial Services, LLC,

("RRFS") and Red Rock Virginia, LLC's ("RRV") (collectively "Defendants") Motion for

Reconsideration Or Clarification (Doc. 119) regarding the Court's Order denying Defendants'

Motion for Summary Judgment (Doc. 117). This is a Fair Debt Collections Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.* case involving Plaintiffs Janet and Gordon Beasley's

("Plaintiffs" or "the Beasleys") claims against Defendants concerning a collection letter related

to Plaintiffs' alleged delinquent homeowner association assessments. Defendants and Plaintiffs

filed cross motions for summary judgment which were heard in open court on August 8, 2015.

The Court was persuaded by Defendants' Motion for Reconsideration Or Clarification that the

Court's Order on Defendants' Motion For Summary Judgment and Plaintiffs' Motion For

Summary Judgment require clarification, and therefore granted Defendants' Motion in an Order

dated September 22, 2015. The Court will now explain and clarify the Court's rulings on the

motions in the September 22, 2015 Order.

There are several issues before the Court. First, whether the Court should grant Plaintiffs' Motion for Summary Judgment (Doc. 84) where Plaintiffs argue that Plaintiff is entitled to summary judgment as to the bona fide error defense that Defendants have pleaded. The Court DENIES Plaintiff's Motion for Summary Judgment on the bona fide error defense because Defendants are not required to concede they violated the Fair Debt Collection Practices Act in order to later raise the bona fide error affirmative defense.

Second, whether the Court should grant the Defendants' Motion for Summary Judgment on Count III of the Complaint for a false statement made to collect a debt under FDCPA § 1692e(5). The Court GRANTS in part and DENIES in part the motion with respect to Count III. The Court GRANTS Defendants' Motion for Summary Judgment as to only Paragraph 23 of Count III because the Memorandum of Assessment Lien had not been judicially determined to be invalid. The Court DENIES in part with respect to Count III because there is a genuine dispute of material fact concerning whether the whether the September 26, 2013 letter was a false statement to collect a debt when the Plantiffs' evidence demonstrates that the Plaintiffs' Home Owners Association ("HOA") account had been placed on hold by the HOA and that the HOA had not authorized any further collections actions at the time the letter was issued. The Court also DENIES the Defendant's Motion for Summary Judgment with respect to Red Rock Virginia, LLC's liability because there is a material question of fact as to whether Red Rock Virginia or Red Rock Financial Services authored the letter. There is also a material issue of fact as to whether Red Rock Virginia is Red Rock Financial Services because paragraph 10 of the Delinquent Assessment Collection Agreement refers to Red Rock Financial Services, a Red Rock Virginia, LLC Company. Additionally, Plaintiffs have come forward evidence

demonstrating that Red Rock Virginia registered the name Red Rock Financial Services as its trade name with the Clerk of Circuit Court of Fairfax County.

Third, the issue presented is whether the Court should grant Defendants' Motion for Summary Judgment as to Count II and Count IV of the Complaint because the statements contained in the September 26, 2013 letter regarding the future action the homeowners association may take in connection with the memorandum of lien are not false statements actionable under the FDCPA. The court GRANTS the Defendants' Motion for Summary Judgment as to Counts II and VI because the statements in the letter about the HOA's rights to take future action on Memorandum of Assessment Lien are not false. Moreover, because there has been no judicial determination of invalidity of the memorandum of lien referred to in the September 26, 2013 letter, the lien was not invalid when the letter issued.

Fourth, the question presented is whether the Court should grant Defendants' Motion for Summary Judgment as to Counts IV and V because Defendant's statements in the September 26 letter were half-truths by omission threatening actions the HOA could not initiate against the plaintiff at the time the letter was issued. The court DENIES the Defendant's Motion for Summary Judgment as to Counts IV and V because there is a genuine issue material fact as to whether not the statement was false when made under FDCPA § 1692e(5).

Fifth, the question presented is whether the Court should grant Defendants' Motion for Summary Judgment as to Counts VII, VIII, and IX relating to the cost of collection efforts that can be assessed with a homeowner delinquent in paying their HOA fees may be assessed cost of attorney's fees and collections is false. The Court GRANTS the Defendant's Motion For Summary Judgment because the underlying statements were not misrepresentations in violation of the FDCPA.

## I. BACKGROUND

This case involves alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiffs Janet and Gordon Beasley own property located on Reservoir Loop in Dumfries, Virginia ("the property"). (Compl. ¶ 2.) The property is part of the HOA for which the Beasleys must pay monthly assessments. The HOA referred the Beasleys account to Rees Broome for collections in 2008 as the Beasleys had failed to make payments; in November 2011, the HOA contracted with RRFS for collection services. The Beasleys account was subsequently transferred to RRFS. (Doc. 105 at 3.)

The HOA retained lawyer Peter Lipresti to file liens on its behalf. (*Id.* at 4.) In 2012, Lipresti prepared the Memorandum of Assessment Lien on the Beasleys' property and on May 1, 2012, Patrick Edwards, representing the HOA, acknowledged and signed the Memorandum of Assessment Lien. (*Id.* at 4–5.) The lien was recorded in Prince William County Circuit Court on May 25, 2012. (*Id.* at 5.)

The Beasleys filed a suit against the HOA in February 2013 in the Circuit Court of Prince William County contesting the validity of the lien. (*Id.*) On September 26, 2013, RRFS sent the "September 26th Letter" to the Beasleys' counsel. The Letter states:

> As previously advised, Code of Virginia [sic] allows Red Rock Financial Services on behalf of the above referenced Association, to record a Notice of Sale Pursuant to the Memorandum of Assessment Lien. The "Permission for Publication of Non-Judicial Foreclosure Sale" will be mailed to the Princeton Woods Addition Homeowners Association, Inc. Board of Directors for signature to publish the above property for sale in 10 DAYS.

(Compl. Ex. A.)

The Letter further states:

> If you choose not to reinstate the account, Red Rock Financial Services may have no other alternative but to mail the "Permission

4

> for Publication of Non-Judicial Foreclosure Sale" to the Board in 10 days. **If the Board signs the Permission Form,** Red Rock Financial Services will proceed with the preparation and recordation of the Notice of Sale pursuant to the Memorandum of Assessment Lien.

(*Id.*) (emphasis in original).

In an email to Mr. Francis, Mr. Lipresenti represented that the HOA agreed to take no action on the lien and that an order would be entered stating the same. (Doc. 103 at 6.) Mr. Francis explained this in the same email in which he sent Janet Beasley the September 26th Letter.

An order imposing a stay on the lien was entered on January 16, 2014 in the Prince William action against the HOA. The order states that no action would be taken to sell the property pursuant to the lien until entry of a judgment, in that action, that the lien was valid and enforceable. (*Id.*) The Beasleys nonsuited their action against the HOA on May 30, 2014, and re-filed the action on June 2, 2014. The HOA has taken no action on the lien. (*Id.*)

On September 26, 2014, Janet Beasley filed a lawsuit in the Circuit Court of Fairfax County, Virginia. The lawsuit alleges nine separate violations of the FDCPA arising out of the September 26, 2013 letter RRFS sent to Plaintiffs' counsel, Ernest P. Francis. Plaintiff Janet Beasley alleged that the letter caused her emotional and mental distress and suffering because of the threat of loss of her home to pay a debt she did not owe. (Compl. ¶¶ 9–10.) Defendants removed the case to this Court. As discovery proceeded, Defendants learned that Gordon Beasley had filed an identical case in Arlington Circuit Court. Defendants also removed that case to this Court and the matters were consolidated.

Plaintiffs claim that Defendants violated the FDCPA due to the fact that the lien on their property was not valid.

## A. Plaintiffs' Motion for Summary Judgment

In Plaintiffs' Motion for Summary Judgment, Plaintiffs present two reasons why summary judgment should be granted on Defendants' bona fide error defense. First, that Defendants' cannot rely on the bona fide error defense at trial because they have not conceded to violating the FDCPA. Second, Plaintiffs contend that Defendants cannot establish the third element of the defense, as "if one cannot specify what an error was, then one cannot show how the procedures maintained were reasonably adapted to avoid the error."

In Defendants' opposition to Plaintiffs' Motion for Summary Judgment, Defendants make two arguments. First, Defendants are not required to concede a violation of the statute to rely on the bona fide error defense. Second, Defendants have an abundance of evidence to demonstrate that they maintained procedures reasonably adapted to avoid any bona fide error.

## B. Defendants' Motion for Summary Judgment

In Defendants' Motion for Summary Judgment, Defendants present six arguments. First, Defendants contend there is no evidence supporting Plaintiffs' claims against Red Rock, Virginia, LLC. Second, as to Counts II and VI, Defendants make two specific arguments why summary judgment should be granted: (1) the alleged technical deficiencies in the memorandum of lien cited by Plaintiffs do not render the lien unenforceable; and (2) the memorandum of lien has never been judicially determined to be invalid and unenforceable. Third, as to Count III, Defendants argue that the language in the September 26th Letter does not threaten action that cannot legally be taken. Fourth, as to Counts IV and V, Defendants argue that Plaintiffs' contention that Defendants made statements that were "half truth[s] by omission" is not actionable as there was no misrepresentation.

6

Fifth, as to Counts VII, VIII, and VIX, Defendants assert that (1) the cost of collection efforts can be assessed to the delinquent homeowner, and (2) the collection fees were authorized. Sixth, the Beasleys have failed to provide evidence for submission in their case at trial.

In opposition, Plaintiffs make six arguments. First, that Defendant RRV is liable for the September 26th letter sent in its name to collect a debt that it had contracted to collect because the RRFS delinquent assessment collections agreement refers to Red Rock Virginia, LLC, as a RRFS company and RRFS registered RRFS as a trade name for RRV in Fairfax Circuit Court. Second, Defendants are not entitled to summary judgment on Counts II and VI because the facial deficiencies in the memorandum of lien prevented its enforcement. Specifically, Plaintiffs contend that (1) the Memorandum of Lien fails to comply with the statutory requirements for perfection; (2) Defendants were not allowed to conduct a foreclosure sale when the memorandum of lien did not comply with the statute; and (3) a collateral determination of the validity of the Memorandum of Lien is not a pre-condition to a finding of validity in this Court.

Third, Plaintiffs assert that in Defendants' stating that they were allowed to record a notice of sale, Defendants threatened a foreclosure that they could not and never intended to begin. Fourth, Defendants' statements that they would send a request for permission to begin foreclosure to the HOA Board was misleading. Fifth, Defendants falsely stated the amount of collection fees and costs to be added to Plaintiffs' account and such fees were not payable because the association did not incur them. Sixth, Plaintiffs' failure to provide an exhibit binder that duplicated documents that Defendants already have is not a basis for summary judgment.

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Boitnott v. Corning, Inc.*, 669 F.3d 172, 175 (4th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 586–87 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Anderson*, 477 U.S. at 247–48).

A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Res. Bankshares*

*Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Analysis

The Court DENIES the Plaintiffs' Motion for Summary Judgment on the bona fide error defense because the Defendant is not required to concede they violated the Fair Debt Collection Practices Act in order to later raise the bona fide error affirmative defense.

The Court GRANTS in part and DENIES in part, Defendants' Motion for Summary Judgment for five reasons. First, the Court DENIES the Defendants' Motion for Summary Judgment as to Red Rock Virginia, LLC's liability because the record evidence demonstrates a genuine issue of material fact as to which entity is the author of the September 26, 2013 Letter and whether the statements in the letter about collections efforts contemplated were false when made in violation of the FDCPA.[1]  Plaintiff has come forward with evidence showing that the HOA had placed the Plaintiffs' HOA account on "hold" and the HOA had not authorized the collection letter therefore the September 26, 2013 violated FDCPA § 1692e(5). The issues of material fact include which entity is the author of the September 26, 2013 letter. The evidence shows a question of fact whether the HOA intended to take legal collection actions and whether RRV is RRFS because paragraph 10 in the Delinquent Assessment Collection Agreement refers to RRFS, a RRV Company as parties to the agreement. Additionally, Plaintiff has come forward with evidence showing that RRV registered the trade name as Red Rock Financial Services with

---

[1] Under 15 U.S.C. § 1692e(5) it is an unlawful practice to threaten a debtor with action that cannot legally be taken or is not intended to be taken.

the Clerk of Circuit Court for Fairfax County, which shows a genuine issue of material fact about the author the letter.

The Court GRANTS Defendants' Motion for Summary Judgment as to Counts II and VI because statements concerning future action that the HOA could initiate to conduct a non-judicial foreclosure sale based on the lien to collect delinquent HOA assessments were not false when made and do not violate the FDCPA.

The Court DENIES Defendants' Motion for Summary Judgment as to Count III because the evidence shows there is a genuine issue of material fact as to whether Defendants' alleged "threats" were not legally actionable and violated the FDCPA where plaintiff has come forward evidence demonstrating that the HOA had placed the Plaintiffs' account on hold and the HOA did not authorize further collections actions on September 26, 2013.

The Court GRANTS Defendants' Motion for Summary Judgment as to Counts IV and V because the representations are not false or misleading and do not violate the FDCPA. Fifth, the Court GRANTS Defendants' Motion for Summary Judgment as to Counts VII, VIII, and IX because the statements defendant makes in the Letter concerning the Plaintiffs' contingent future liability for the HOA's cost of collections and attorney's fees are not misrepresentations in violation of the FDCPA.

### a. Plaintiff's Motion for Summary Judgment (Bona Fide Error)

The Court DENIES Plaintiffs' Motion for Summary Judgment because on the bona fide error defense because Defendant is not required to concede a violation of the FDCPA in order to later raise the bona fide error affirmative defense. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA makes it unlawful for debt collectors to make false or deceptive statements in the course of their

collection activities. *See* 15 U.S.C. § 1692e. Debtors are not required to show an intentional or knowing violation on the part of the debt collector to recover damages under the FDCPA. *See Russell v. Absolute Collections Servs.*, 763 F.3d 383, 389 (4th Cir. 2014) (citing *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 375 (4th Cir. 2012)). Debt collectors who violate the statute as a result of a "bona fide error" are excluded from liability. *See* 15 U.S.C. § 1692k(c). To qualify for the bona-fide-error defense, a defendant is required to show, by a preponderance of the evidence, that (1) it unintentionally violated the FDCPA; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *Id.*

Here, the Beasleys' chief contention is that they are entitled to summary judgment on the bona fide error defense because Defendants did not concede that they violated the statute. Plaintiffs do not cite *a single case* supporting this novel argument. In the Court's review of the relevant case law, including multiple circuit courts and the Supreme Court, the Court was unable to find a case supporting Plaintiffs' argument. Instead, the Court found a myriad of cases where defendants were able to raise the affirmative defense of bona fide error after a finding was made on whether the FDCPA was violated. *See, e.g., Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606 (6th Cir. 2009); *Kort v. Diversified Collection Servs.*, 394 F.3d 530 (7th Cir. 2005). In fact, even in *Russell*, a case referenced by Plaintiffs, the defendants denied a violation of the FDCPA *and* asserted that if there was a violation, they were entitled to the bona fide error defense. The Fourth Circuit made no finding that this was impermissible. *See Russell*, 763 F.3d 385.

Moreover, the plain language of the statute demonstrates that a party is not required to concede a violation of the FDCPA in order to raise the bona fide error defense. The statute provides that:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of

> evidence that *the violation* was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c) (emphasis added). Thus, a defendant can raise an affirmative defense during trial by showing facts showing the reliability of their collection system and steps taken to avoid violating the FDCPA. The burden to establish a violation rests with Plaintiffs, not Defendants. Further, Defendants raised their affirmative defenses in the appropriate pleadings. It would be manifestly unjust and reversible error for the Court to deny Defendants the opportunity to pursue those defenses because they did not concede a violation of the statute. *See Peterson v. Air Line Pilots Assoc. Int'l*, 795 F.2d 1161, 1164 (4th Cir. 1985).

Accordingly, the Court holds that the Defendant is not required to first concede a violation of the FDCPA to later raise the bona fide error defense. Because there is no genuine issue of material fact as to whether Defendants should be permitted to raise the defense, the Beasleys' Motion for Summary Judgment on this ground must be DENIED.

### b. Defendants' Motion for Summary Judgment

The Court GRANTS in part and DENIES in part, Defendants' Motion for Summary Judgment for five reasons. First, the Court DENIES Defendants' Motion for Summary Judgment as to Red Rock Virginia, LLC's liability because the record evidence demonstrates a question of fact as to the author of September 26, 2013 Letter and whether the threats of collection actions were false or authorized by the HOA's at the time that were made. Second, the Court GRANTS Defendants' Motion for Summary Judgment as to Counts II and VI because the defendant statements in the letter concerning the actions of HOA may take in the future for failure to pay the alleged delinquent HOA's fees stated in the Memorandum of Assessment Lien were not false and the actions alleged within the HOA's powers under the HOA's agreement.

Third, the Court DENIES Defendants' Motion for Summary Judgment as to Count III because the record evidence presents a genuine issue of material fact as to whether Defendants' alleged "threats" were false when made and violated the FDCPA. Fourth, the Court GRANTS Defendants' Motion for Summary Judgment as to Counts IV and V because neither of the representations cited by Plaintiffs are misleading. Fifth, the Court GRANTS Defendants' Motion for Summary Judgment as to Counts VII, VIII, and IX because the underlying statements were not misrepresentations in violation of the FDCPA.

## 1. Liability of RRV

First, the Court DENIES the Defendants' Motion for Summary Judgment on Plaintiffs' claims against RRV because there is a genuine issue of material fact as to whether the HOA intended to take the legal action stated in the letter on September 26, 2013. Further, the question presented is whether RRFS or RRV made statements in the September 26th Letter about the HOA's intent to conduct a non-judicial foreclosure for delinquent homeowner assessments was a false statement when made in violation of the FDCPA. Defendants contend that RRV, a wholly-owned subsidiary of RRFS, never conducted business in Virginia and neither prepared nor sent the September 26th Letter which is the basis of Plaintiffs' claims. Plaintiffs argue that RRV registered RRFS, which was the name on the Letter, as a tradename for itself with the Clerk of the Court for Fairfax County. Defendants also point to a "Delinquent Assessment Collection Agreement," (Leavitt Aff. Ex. 1-A), between RRV and the Princeton Wood Homeowners to Association to demonstrate that RRV is RRFS. The court notes that the Delinquent Assessment Collections Agreement refers to Red Rock Financial Services, a Red Rock Virginia, LLC company. *See* Attachment A.

The Court finds that there is a genuine issue of material fact as to whether RRV sent the September 26th Letter. First, the Letter indicates that it was sent by RRFS; RRV does not appear on the letter.

Second, the Court finds that Defendants did not admit that both RRV and RRFS sent the September 26th Letter. A careful review of Defendants' Answer shows that Defendants only admitted that a letter was sent to Plaintiffs' counsel; Defendants did not concede that RRV sent the Letter. Third, the Delinquent Assessment Collection Agreement plainly states that it is between the HOA and RRFS, a Red Rock Virginia, LLC Company.

Based on the Court's finding that there a genuine issue of material facts exists as to whether the statements about the HOA's plan to collect were false when made because the HOA had placed Plaintiff's account on "hold" at the time the letter was issued and the question of which entity was the author of 26th Letter, Defendants' Motion for Summary Judgment as to the liability of RRV must be DENIED.

## 2.  Counts II and VI

The Court GRANTS the Defendants Motion for Summary Judgment because the Defendants statements about the Assessment Lien are an accurate description of the HOA's legal collection rights. Counts II and VI of Plaintiffs' Complaint rest on the theory that the Memorandum of Assessment Lien was invalid. Count II alleges a violation of 15 U.S.C. §1692e on the grounds that the letter falsely states "Code of Virginia [sic] Red Rock Financial Services on behalf of the above referenced Association, to record a Notice of Sale Pursuant to the Memorandum of Assessment Lien." (Compl. ¶ 16). Count VI contends that the representation that "[i]f the Board signs the Permission Form, Red Rock Financial Services will proceed with

the preparation and recordation of the Notice of Sale pursuant to the memorandum of Assessment Lien [sic]" threatened action that could not be legally taken as the lien was invalid.

Plaintiffs assert that the Memorandum of Assessment Lien is invalid because it (1) does not identify the date of issuance; (2) does not state that the HOA is obtaining a lien; and (3) is not verified under oath. Assuming these technical deficiencies to be true, the Court holds that Defendants did not violate the FDCPA because the Memorandum of Assessment Lien was not invalid at the time the letter was issued because there been no judicial determination of the validity of the assessment lien. The Court finds Judge Trenga's discussion of jury instructions in prior litigation between these two parties instructive. In that case, the Beasleys argued that RRFS violated 15 U.S.C. § 1692e by advising plaintiffs that RRFS would seek to foreclose on the Plaintiffs' home because the Memorandum of Assessment Lien (the same lien at issue here) was not under oath as required by statute. (Doc. 104, Ex. 10, p. 114: 12-24.) Judge Trenga stated:

> You're instructed that for purposes of determine whether defendant violated this section of the act based on its statement and its letter dated May 30, 2012, the memorandum of lien . . . was not under oath, but only acknowledged before a notary. Therefore, it did not comply with Virginia Code Section 55-516, which sets forth the requirements for lien to be perfected . . . . You are further instructed that the lien was validly recorded under Virginia law and that [the homeowner's association] may legally institute foreclosure proceedings based on this filed lien, even though the plaintiffs may have defenses that would prevent such foreclosure proceedings from resulting in a sale of the plaintiff's property.

*Id.* at 224:14–225:7. Judge Trenga analogized his reasoning to filing a lawsuit, stating that "inasmuch as someone can file a lawsuit on a claim that proves to be meritless, they've not proceeded illegally by filing a lawsuit. They may not have been able to recover." *Id.* at 203:14–18.

Also instructive is a recent Sixth Circuit case. In *Galati v. Manley Deas Kochalski, LLC*, No. 14-3219, 2015 WL 691217 (6th Cir. Feb. 18, 2015), plaintiffs claimed that there were defects in both the note and the mortgage upon which defendant law firm relied on in the foreclosure proceeding and, thus, the law firm knew its client was not the owner of the debt when it initiated the action. Affirming the district court's dismissal of the FDCPA claims, the Sixth Circuit observed:

> For instance, unlike the plaintiff in *Wallace v. Washington Mutual Bank*, 683 F.3d 323 (6th Cir. 2012), they do not claim that they were confused as to whom they were to make payments. Rather, they allege a mere technical deficiency in the mortgage assignment to make out a claim under the FDCPA. Such a deficiency, however, is not within the scope of abusive practices from which the Act protects consumers.

*Galati*, 2015 WL 691217, at *2.

Here, the Court similarly holds that Defendants' language in the September 26th letter does not constitute a violation of the FDCPA as the HOA could validly institute foreclosure proceedings based on the record lien. While the HOA may not have ultimately been successful in recording a notice of sale pursuant to the Memorandum of Assessment Lien because the plaintiff may have had an opportunity to litigate the validity of the memorandum of lien in court, RRFS' representations are not the false, deceptive, or misleading representations that the FDCPA forbids.

Because there is no genuine issue of material fact as to whether RRFS' representations regarding the Memorandum of Assessment Lien violated the FDCPA, the Court holds that Defendants' Motion for Summary Judgment as to Counts II and VI must be GRANTED.

### 3. Count III

The Court DENIES the Defendants' Motion for Summary Judgment on Count III because the record evidence presents a genuine issue of material fact as to whether Defendants' alleged "threats" were not legally actionable and violated the FDCPA. In Count III, Plaintiffs allege that Defendants' violated the FDCPA by threatening to take action that could not legally be taken, and which was not intended to be taken. In support of the contention that the Letter threatened action that cannot legally be taken, Plaintiffs cite to the same reasoning as set forth in Count II claiming that the lien was invalid. Plaintiffs cite to the language of the letter that states "as previously advised, Code of Virginia [sic] allows Red Rock Financial Services on behalf of the above referenced Association, to record a Notice of Sale Pursuant to the Memorandum of Assessment Lien [sic]." (Compl. ¶ 23.)

Plaintiffs contend that the action was not intended to be taken because Plaintiffs challenged the action in a suit against the HOA and that the notice of sale could not be recorded absent the consent of the HOA. However, Plaintiff ignores the context of this statement. The next sentence states, "The 'permission for publication of non-judicial Foreclosure Sale; will be mailed to the Princeton Woods Addition Homeowners Association, Inc. Board of Directors for signature to publish the above property for sale in 10 DAYS." (Doc. 1, Ex. A). Two paragraphs later the letter also states:

> If you choose not to reinstate the account, Red Rock Financial Services *may have no other alternative but to mail the "Permission for Publication of Non-Judicial Foreclosure Sale" to the Board in 10 days.* If the Board signs the Permission Form, Red Rock Financial Services will proceed with the preparation and recordation of the Notice of Sale pursuant to the Memorandum of Assessment Lien.

(*Id.*)

The Court finds that Plaintiffs have mischaracterized the action that constitutes the "threat." The language of the Letter clearly provides that RRFS "may have no other alternative but to mail the "Permission for Publication of Non-Judicial Foreclosure Sale" to the Board in 10 days." (*Id.*) Stating that a permission form will be mailed to the HOA is not a "threat." Plaintiffs provide no support for this argument.

The FDCPA forbids a debt collector from making "a threat to take action that legally can be taken or that is not intended to be taken." 15 U.S.C § 1692e(5). Here it is arguable that if defendants sent a letter threatening to initiate requests for non-judicial foreclosure which was not authorized may be a false statement or threat of action that is not intended to be taken in violation of § 1692e(5).

However, as to § 1692e(5), Plaintiff has come forward with evidence demonstrating that the HOA had placed Plaintiff's account on "Hold" and therefore did not authorize any additional collections actions to be taken on the account. Therefore, there is a question of fact as to whether the Defendants statement of the HOA's intended actions was false when made on September 26, 2013.

While the reasons stated in the Court's analysis of Counts II and V, referring to the Letter's description of the preparation of Notice and Sale was the threat, as Plaintiffs contend, the HOA could legally institute foreclosure proceedings based on the filed lien and Defendant's Motion for Summary Judgment on these two theories is GRANTED.

Accordingly, the Court holds that Defendant's alleged threat to initiate non-judicial foreclosure which was not authorized by the HOA there presents a genuine issue of material fact as to whether the September 26, 2013 statements were false when made as statements the HOA

creditor did not intend to be taken violate FDCPA § 1692e(5) and thus, Defendants' Motion for Summary Judgment on Count III must be GRANTED in part, and DENIED in part.

### 4.  Counts IV and V

The Court DENIES Defendants' Motion for Summary Judgment on Counts IV and V because there is a question of fact of whether the representations cited by Plaintiffs are false or misleading.  In Counts IV and V, Plaintiffs allege that the statements regarding mailing the permission form to the HOA were misleading "because they fail to disclose that the Board would not approve the requests . . . Absent that disclosure, what Defendants' statements would lead the debtor to believe is that the Board could approve the permission to publish the foreclosure sale."

Plaintiffs cite two sentences in the Letter in support of their claims.  Regarding Count IV, Plaintiffs highlight the sentence which states "[t]he Permission for Publication of Non-Judicial Foreclosure Sale' will be mailed to the Princeton Woods Addition Homeowners Association, Inc., Board of Directors for signature to publish the above property for sale in 10 DAYS." (Doc. 1, Ex. A.)  Regarding Count V, Plaintiffs cite the portion of the Letter which states "[i]f you choose not to reinstate the account, Red Rock Financial Services may have no other alternative but to mail the 'Permission for Publication of Non-Judicial Foreclosure Sale' to the Board in 10 days."  (*Id.*)  Plaintiffs contend these are misrepresentations under § 1692e as they fail to inform Plaintiffs that the HOA had decided not to take any further action to enforce the lien.

The Court DENIES the Defendants' Motion for Summary Judgment on the Count IV and V of the Complaint.  The Court holds that there is a material issue of fact as to whether the HOAs authorized or intended to take legally permissible action to initiate non-judicial foreclosure proceedings under FDCPA § 1692e(5).  Section 1692e(5) forbids debt collectors

from making a threat to take any legal action that cannot be legally taken was not intended to be taken.

Because the language cited in support of Counts IV and V supports a genuine issue of material fact of a violation of the FDCPA the Court holds that Defendants' Motion for Summary Judgment on Counts IV and V must be DENIED.

### 5. Counts VII, VIII, and IX

The Court GRANTS Defendants' Motion for Summary Judgment as to Counts VII, VIII, and IX because the underlying statements were not misrepresentations in violation of the FDCPA. Counts VII, VIII and IX focus on alleged violations of the FDCPA arising out of the $900.00 in estimated collection fees that were to be added to Plaintiffs' account. Plaintiffs contend that the statement in the September 26th Letter that the Beasleys' "account may have approximately $900.00 in collection fees assessed to the account balance" was false (Count VII); a threat of action that could not legally be taken (Count VIII); and the collection of an amount not expressly authorized by an agreement or law (Count IX).

Regarding Count VII, the Court holds that the statement on the balance of collection fees assessed to the Beasley is not a violation of the FDCPA because RRFS' advertisements that it was a "NO cost collection services company" are not false because the Delinquent Assessment Collection Agreement specifically authorizes RRFS to charge and collect all fees and costs associated with the collection process. (Ex. 1, Attach A. ¶ 3.) Thus, based on the Delinquent Assessment Collection Agreement, there was a clear understanding between the HOA and RRFS that RRFS could assess collections fees on delinquent homeowners.

In Counts VIII and IX, the Beasleys argue that the above-mentioned statement is a violation of the FDCPA because it represents a threat of action that cannot be legally taken.

However, the Court holds that there was no such misrepresentation because The Declaration of Covenants, Conditions and Restrictions provides for the imposition of costs and fees for failure to comply with the governing documents of the HOA. Section 11.1(a) provides, in relevant part, that "[a]ny costs, including without limitation legal fees, incurred as a result of a failure to comply with the Association Documents or the Rules and Regulations by any Owner may be assessed against such Owner's lot." (Doc. 103, Ex. 1, Attach. B, p. 38.) Thus, the Declaration does expressly allow for collection fees to be imposed.

Furthermore, Policy Resolution No. 10-01, adopted by the HOA's Board of Directors, makes clear that the cost of collection charges can be imposed against an owner. It states:

> The Association is not required to provide an additional notice of the imposition of interest, late fees, reasonable legal fees, and costs of collection charges to an Owner other than the Late Notice . . . Any interest, late fees, and/or cost of collection charges imposed shall constitute a lien upon the unit of the defaulting Owner.

(Ex. 1, Attach. C, ¶ II.D.) Accordingly, it is clear that the HOA had the authority to obtain a lien upon Plaintiffs' property for, *inter alia*, the costs of collection charges imposed pursuant to Policy Resolution No. 10-01, and RRFS had been granted authority by the HOA to charge and collect fees and costs associated with the collections process via the Delinquent Assessment Collection Agreement. Thus, summary judgment on these counts must be GRANTED.

### III. CONCLUSION

The Court DENIES Plaintiffs' Motion for Summary Judgment on the bona fide error defense because Defendants are not required to concede they violated the FDCPA in order to later raise the bona fide error affirmative defense.

The Court GRANTS in part, and DENIES in part Defendants' Motion for Summary Judgment for five reasons. First, the Court GRANTS in part and DENIES in part the motion with respect to Count III. The Court GRANTS Defendants' Motion for Summary Judgment as to only Paragraph 23 of Count III because the Memorandum of Assessment Lien had not been judicially determined to be invalid. The Court DENIES in part as to Count III because there is a genuine dispute of material fact concerning whether the whether the September 26, 2013 letter was a false statement to collect a debt when the Plaintiffs' evidence demonstrates that the Plaintiffs' HOA account had been placed on hold by the HOA and that the HOA had not authorized any further collections actions at the time the letter was issued.

Second, the court DENIES the Defendant's Motion for Summary Judgment with respect to Red Rock Virginia, LLC's liability because there is a material question of fact as to whether Red Rock Virginia or Red Rock Financial Services authored the letter. There is also a material issue of fact as to whether Red Rock Virginia is Red Rock Financial Services because paragraph 10 of the Delinquent Assessment Collection Agreement refers to Red Rock Financial Services, a Red Rock Virginia, LLC Company. Additionally, plaintiffs have come forward with evidence demonstrating that RRV registered the name Red Rock Financial Services as its trade name with the Clerk of Circuit Court of Fairfax County.

Third, the court GRANTS the Defendants' Motion for Summary Judgment as to Counts II and VI because the statements in the letter about the HOA's rights to take future action on Memorandum of Assessment Lien are not false. Moreover, because there has been no judicial determination of invalidity of the memorandum of lien referred to in the September 26, 2013 letter, the lien was not invalid when the letter issued.

Fourth, the court DENIES the Defendant's Motion for Summary Judgment as to Counts IV and V because there is a genuine issue material fact as to whether not the statement was false when made under FDCPA § 1692e(5).

Fifth, the Court GRANTS Defendants' Motion for Summary Judgment as to Counts VII, VIII, and IX because the underlying statements were not misrepresentations in violation of the FDCPA.

**IT IS SO ORDERED.**

ENTERED this _25th_ day of September, 2015.

Alexandria, Virginia
9/25/2015

/s/
_____
Gerald Bruce Lee
United States District Judge